## Wells v. Buckley.

(Decided May 30, 1924.)

### Appeal from Todd Circuit Court.

1. Libel and Slander—Recovery Does Not Depend on Malice.—Recovery does not depend upon whether words charging chicken theft were maliciously spoken; malice being unnecessary.

2. Libel and Slander—Charge of Chicken Theft Actionable Per Se.—Charge that plaintiff stole chickens involved moral turpitude and was actionable per se, though chickens were of no greater value than $2.00.

PETRIE & STANDARD for appellant.

J. R. MALLORY for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Reversing.

The appellant, as plaintiff, alleges that defendant falsely and maliciously said of and concerning him that

he had stolen defendant's chickens, and asks for damages. By amendment the charge was made more specific, and the times and places and the persons to whom the statement was alleged to have been made were given.

The original answer was only a denial that defendant falsely and maliciously or otherwise at any time or place, or to any person, made the statement.

The parties went to trial on this one issue, but during the trial defendant was permitted to file an amended answer wherein he alleges that the statements and charges alleged in the plaintiff's pleadings to have been made by defendant of and concerning the plaintiff are true, and he relies upon the same in justification.

Upon a trial there was a verdict for defendant, and this appeal is prosecuted for the plaintiff.

The only question necessary to consider is the correctness of the first instruction. In that instruction the right of plaintiff to a recovery was made to depend upon whether the words as charged were used by defendant of and concerning plaintiff, and whether they were falsely and maliciously spoken; that is to say, they must not only have been false but they must likewise have been maliciously used before plaintiff was entitled to a recovery.

It is true the instruction is in the language of the plaintiff's petition wherein it is alleged that the words were falsely and maliciously spoken, but the allegation that they were so maliciously spoken was not necessary to the recovery by the plaintiff of compensatory damages, but was inserted so that plaintiff might recover punitive damages if the evidence should justify it. For obviously the charge that plaintiff had stolen defendant's chickens, even if it did not charge they were of greater value than $2.00 under our statute, was a charge involving moral turpitude and was actionable *per se*. The plaintiff if guilty, even though charged only with a misdemeanor, was charged with such a misdemeanor as is *mala in se* and punishable by imprisonment, and therefore the words if falsely spoken imputed to the plaintiff such conduct as in and of itself furnishes a right of action without the element of malice. Lee v. Stanfill, 171 Ky. 71.

The instruction was therefore obviously erroneous in requiring that the words if spoken should have been not only false but malicious before the plaintiff was en-

titled to any recovery. This becomes the more obvious in the light of the fact that the court did thereafter in another instruction properly require them to have been maliciously spoken before the jury might assess punitive damages.

In the case of Blackwell v. Johnston, 21 R. 1720, a libel case, it was held that the plaintiff was entitled to at least nominal damages although the article in question was published without malice.

Likewise in the case of Nicholson v. Rust, 21 R. 645, a slander case, wherein the defendant was charged with having spoken of and concerning the plaintiff, an unmarried woman, that she was the mother of twins, the court in condemning an instruction said, after holding the charge to be actionable, *per se*:

> "We are, therefore, of the opinion that the court erred in its instructions given, requiring proof of malice and of the intention of appellee with charging appellant with having committed the crime of fornication."

The evidence in this case is such that the jury might well have believed that defendant made the charge against plaintiff and that it was false, and not have believed that he maliciously made it, and that therefore under the first instruction he was not liable.

This view of the instruction in question obviates the necessity of determining whether appellant was entitled to a new trial upon the ground of newly discovered evidence.

For the reason indicated the judgment is reversed with directions to grant appellant a new trial.